UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:13-cv-1037-TWP-TAB |
| ) | |
| PHARMA CORR (INDY), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

William Green, an inmate of the Deerfield Correction Center in Capron, Virginia, brings this action pursuant to 42 U.S.C. § 1983. Green alleges that Pharma Corr, a company with a principal place of business in Indianapolis, failed to provide him appropriate medication.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 550 U.S. at 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade*

*v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

A private corporation such as Pharma Corr is not vicariously liable under 42 U.S.C. ' 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). Because Green alleges no policy or practice on the part of Pharma Corr, his complaint must be **dismissed**.

## II.

The dismissal of the complaint will not, in this instance, lead to dismissal of the action. Instead, the plaintiff shall have **through August 7, 2013,** in which to **submit an amended complaint.** If the plaintiff submits an amended complaint, he shall be guided in the preparation of that pleading by the following:  (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."; (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief which is sought.

If no amended complaint is submitted, the court will direct the issuance of final judgment consistent with the dismissal of the complaint. If an amended complaint is submitted as directed, the document will be screened as required by ' 1915A.

**IT IS SO ORDERED.**

Date: __07/25/2013__                                              _____
                                                                                Hon. Tanya Walton Pratt, Judge
Distribution:                                                                United States District Court
                                                                                    Southern District of Indiana
William Green
1078555
Deerfield Correction Center
21360 Deerfield Drive
Capron, VA 23829