UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1037-TWP-TAB |
| | ) | |
| PHARMA CORR (INDY), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Entry Discussing Amended Complaint and Directing Entry of Final Judgment**

**I.**

The plaintiff's motion requesting status of case [dkt. no. 9] is **granted.** The clerk shall include a copy of the docket sheet with the plaintiff's copy of this Entry.

**II.**

William Green, an inmate of the Deerfield Correction Center in Capron, Virginia, brings this action pursuant to 42 U.S.C. § 1983. Mr. Green alleges that Pharma Corr, a company with a principal place of business in Indianapolis, failed to provide him appropriate medication.

Mr. Green was previously notified of the screening requirement of 28 U.S.C. ' 1915A(b) which "requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). Mr. Green was also informed that a private corporation such as Pharma Corr is not vicariously liable under 42 U.S.C. ' 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d

778, 782 (7th Cir. 2008). Mr. Green's complaint was therefore dismissed because it asserted no policy or practice on the part of Pharma Corr that caused the alleged deprivation of his rights.

Mr. Green was given an opportunity to file an amended complaint, which he did on August 12, 2013. The amended complaint has now been screened as required by ' 1915A(b), *Zimmerman v. Hoard,* 5 F.Supp.2d 633, 635 (N.D. Ind. 1998). Having done so, the court finds that the amended complaint (like the original complaint) must be dismissed because it does not allege any facts that would support a finding of deliberate indifference to a serious medical need pursuant to the Eighth Amendment to the Constitution. Mr. Green does not allege the type of medication he seeks or what illness it is intended to treat. In addition, at best, he alleges that the defendant's yet-to-be-named employees were negligent in failing to timely fill medication requests that were sent by medical staff at Deerfield Correction Center. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983).

Mr. Green's amended complaint does not allege a policy or practice on Pharma Corr's part. *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue"). For the above reasons, the amended complaint fails to state a claim upon which relief can be granted. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/25/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

William Green
1078555
Deerfield Correction Center
21360 Deerfield Drive
Capron, VA 23829